# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEE STINSON, | CASE NO. 1:00-CV-6067-LJO DLB-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE CLAIM |
| v. | (Doc. 188) |
| G. GALAZA, et.al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the parties' joint stipulation, this action was dismissed, with prejudice, on March 20, 2007. (Doc. 177).

On May 5, 2007, plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, appealing the Stipulation Dismissal. On October 19, 2007, the United States Court of Appeals dismissed plaintiff's appeal, holding that the court lacked jurisdiction because appellant lacked standing to appeal an order of voluntary dismissal. (Docs. 187, 190).

On October 17, 2007, plaintiff filed a motion to reinstate the claim pursuant to Federal Rules of Civil Procedure 60(b). Plaintiff asserts that the voluntary dismissal with prejudice was "forced on the plaintiff by defendants". (Doc. 188, p.1). Plaintiff further requests that the court enforce the settlement as agreed. Defendants filed their response to plaintiff's motion on November 8, 2007, and plaintiff filed a reply on November 30, 2007. (Doc. 192, 193).

///

///

A.       Federal Rules of Civil Procedure 41(a) and 60(b)

Federal Rules of Civil Procedure 41(a)(1) provides that "...an action may be dismissed by the plaintiff without order of court...(ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." FRCP 41(a)(2) provides that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...".

In <u>Commercial Space Management Co., Inc. V. Boeing Co., Inc.</u>, 193 F.3d 1074, 1078 (1999), the United States Court of Appeal for the Ninth Circuit held that "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendants can't complain, and the district court *lacks jurisdiction to do anything about it*" (emphasis added)

In the present case, the parties filed a stipulated dismissal with prejudice in compliance with FRCP 41(a)(1). (Doc. 174).[1] The stipulation filed with the court was signed by all parties. The dismissal was effective on filing, and therefore this court lacks jurisdiction to review the dismissal. Plaintiff's motion for reinstatement of his claim is therefore denied.

Even if this court retains jurisdiction to review the voluntary dismissal, plaintiff is not entitled to relief from the order dismissing this action. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;...(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the opposing party; ...or (6) any other reason that justifies relief".

Plaintiff states in his motion that he "is due his settlement agreement as well as the docket fees that were taxed against the defendants, and the district failed to enforce either, as well as not assigning counsel to the plaintiff if this case was to go to trial."[2] (Doc. 177, p.1:28-2:1). Plaintiff

---

[1] Although not required, the parties also moved for dismissal pursuant to Rule 41(a)(2). This action was dismissed by court order dated March 20, 2007.

[2] Having reviewed the file, no where does it appear that plaintiff was awarded costs by the Court of Appeals.

1  also contends that defendants took unfair advantage of plaintiff's lack of legal counsel, and that their
2  actions, were in effect, "to stick a gun to the head of plaintiff and force him to sign or else be
3  transferred". (Doc. 192, p.1). Plaintiff also alludes to an "on going mental condition", but does not
4  elaborate further. (Id, p.2).

5  Plaintiff has not filed any evidence whatsoever in support of his motion. Plaintiff's bare
6  allegations of unfairness are insufficient to sustain his motion for reinstatement of his clam. Further,
7  defendants have filed evidence indicating that a settlement agreement was reached between the
8  parties, whereby plaintiff agreed to dismiss the action with prejudice with a waiver of costs and
9  attorneys fees, "so long as he was not returned to Corcoran State Prison for the trial of the action".
10 (Doc. 192, Paul Decl., p.4, ¶9). Defendants contend that following the dismissal of the case, the
11 writs ad testificandum for the production of plaintiff and his witness were vacated, thereby fulfilling
12 plaintiff's settlement demand that he not be transferred. (Id., ¶11-12).

13 Plaintiff voluntarily agreed to dismissal of this action with prejudice, and he cannot now ask
14 the court to undo his deal and re-open the action for further settlement negotiations or trial.
15 Accordingly, based on the foregoing, plaintiff's motion to reinstate his claim, filed October 17, 2007,
16 is HEREBY DENIED.

17 IT IS SO ORDERED.

18 **Dated:   April 14, 2008**            **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE